# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 1, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| JACKSON MASSEY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1185V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Tetanus- |
| AND HUMAN SERVICES, | * | Diphtheria-Acellular Pertussis ("Tdap") |
| | * | Vaccine; Meningococcal Conjugate |
| Respondent. | * | ("Menactra") Vaccine; Idiopathic |
| | * | Thrombocytopenia Purpura ("ITP"). |
| * * * * * * * * * * * * * * * * * * | | |

Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION BASED ON STIPULATION[1]

On September 22, 2016, Jackson Massey[2] ("petitioner") filed a petition in the National Vaccine Injury Program[3] alleging that as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine and a meningococcal conjugate ("Menactra") vaccine, he suffered idiopathic thrombocytopenia purpura ("ITP"). Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The petition was originally filed by petitioner's parents.  During pendency of this case, petitioner reached the age of majority.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On March 1, 2022, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 134). Respondent denies the vaccines caused petitioner to suffer from ITP or any other injury or his current condition. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

**(1) A lump sum of $30,000.00 in the form of a check payable to petitioner;**

**(2) An amount of $50,000.00 to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

<u>s/Nora B. Dorsey</u><br>
Nora B. Dorsey<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JACKSON MASSEY, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 16-1185V <br> Special Master Dorsey <br> ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Jackson Massey, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to petitioner's receipt of Tdap and Menactra vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his vaccinations on September 8, 2014.

3. The vaccines were administered within the United States.

4. Petitioner alleges that he suffered from Idiopathic Thrombocytopenic Purpura ("ITP") as a result of receiving the vaccines and that he experienced the residual effects of this injury for more than six months.

---

[1] The petition was originally filed by Samantha Massey and Wardell Massey, parents of Jackson Massey. During the pendency of this case, Jackson Massey reached the age of majority, and he was properly substituted as petitioner on October 6, 2021.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the vaccines caused petitioner to suffer from ITP or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a.  A lump sum of $30,000.00 in the form of a check payable to petitioner;

   b.  An amount of $50,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company. Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of Jackson Massey, pursuant to which the Life Insurance Company will agree to make payments to Jackson Massey for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a.    A certain lump sum of $29,457.16 payable on July 30, 2031.

    b.    A certain lump sum of $35,636.39 payable on July 30, 2038.

The purchase price of the annuity described in this paragraph 10 shall neither be greater than nor less than $50,000.00. In the event that the cost of the annuity set forth above varies from $50,000.00, the certain lump sum payable on July 30, 2038, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $50,000.00. Should Jackson Massey predecease payment of any of the certain lump sum payments set forth above, any remaining certain lump sum payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of Jackson Massey's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

3

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns,

4

does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on September 8, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about September 22, 2016, in the United States Court of Federal Claims as petition No. 16-1185V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

5

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines caused petitioner's alleged ITP or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Jackson Massey*
JACKSON MASSEY

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Lawrence R. Cohan*
LAWRENCE R. COHAN, ESQ.
Saltz Mongeluzzi & Bendesky P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 575-3887

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Washer, DHSc, APRN, for*
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Traci R Patton by Heather L Pearlman*
TRACI R. PATTON
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589
E-mail: Traci.Patton@usdoj.gov

Dated: 03/01/2022